UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLIFTON JOHN ALLEN**  D.O.C. # 209546 | : | **DOCKET NO. 16-cv-156** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **WARDEN C.A. FREDERICK ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a pro se application for a writ of habeas corpus pursuant to 28 U.S.C § 2254 filed by Clifton John Allen ("petitioner"). Docs. 4, 9. The petitioner is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at LaSalle Correctional Center in Olla, Louisiana. C.A. Frederick ("respondent"), former warden at LaSalle Correctional Center, opposes the application. Doc. 19.

This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court. For the following reasons **IT IS RECOMMEDED** that the application be **DENIED** and that the petition be **DISMISSED WITH PREJUDICE**.

**I.**
**BACKGROUND**

*A. Conviction*

The petitioner was charged by bill of information on May 27, 2011, in the 14th Judicial District Court, Calcasieu Parish, Louisiana, with one count of aggravated criminal damage to property. Doc. 19, att. 2, p. 12. The charge arose from an incident on May 7, 2011, in which the

petitioner's brother and sister-in-law accused him of firing a gun at their house following an argument. *Id.* at 123–31; *see id.* at 55–57 (incident report). On July 8, 2011, he appeared with counsel and entered a plea of not guilty. *Id.* at 7. He appeared with counsel again on November 15, 2011, and entered an *Alford* plea.[1] *Id.* at 9. On February 29, 2012, he was sentenced to a term of fifteen years' imprisonment. *Id.* at 11.

### B. Post-Conviction Relief

The petitioner did not file a direct appeal.[2] Instead he filed a pro se application for post-conviction relief in the trial court on or about June 11, 2012.[3] Doc. 19, att. 2, pp. 72–82. The trial court denied the application on the merits. *Id.* at 85–87. The petitioner then sought review in the Louisiana Third Circuit Court of Appeal. However, on April 19, 2013, the Third Circuit denied his writ application as deficient under Article 912.1(C) of the Louisiana Code of Criminal Procedure, Rule 4-5 of the Uniform Rules–Louisiana Courts of Appeal, and Third Circuit Internal Rule 16. *Id.* at 89–90. It also noted that, under various articles of the Louisiana Code of Criminal Procedure, the petitioner's claims relating to the sentencing proceedings were not reviewable on post-conviction relief and barred from review even if construed as other avenues of seeking relief. *Id.* Accordingly, it denied those claims. *Id.*

The petitioner resubmitted his writ application to the Third Circuit on October 16, 2013. Doc. 19, att. 4, pp. 68–109. The Third Circuit denied the application on February 14, 2014, noting that the petitioner had not argued the assignments of error from his application to the trial court and had instead raised two new claims, placing the application beyond the Third Circuit's scope

---

[1] Pursuant to *North Carolina v. Alford*, 91 S.Ct. 160 (1970), an *Alford* plea allows a petitioner to plead guilty while affirmatively maintaining his factual innocence of the offense.
[2] The petitioner alleged that he did file an appeal, but cites only the decisions from his state application for post-conviction relief. *See* doc. 4, p. 2.
[3] The petitioner does not provide the date he delivered the petition to prison officials for mailing, which would otherwise count as his date of filing under the prison mailbox rule. *See Stoot v. Cain*, 570 F.3d 669, 671–72 (5th Cir. 2009). Accordingly, we use the date the pleading was received by the trial court instead.

of review under Rule 1-3 of the Uniform Rules–Courts of Appeal. *Id.* at 110. The petitioner then filed two applications for rehearing, which the Third Circuit denied on March 26, 2014, and April 9, 2014. Doc. 19, att. 2, pp. 108–09 (notice of applications), 110–11 (denials). The petitioner sought review of all Third Circuit rulings with the Louisiana Supreme Court, which denied same on July 31, 2015. *Id.* at 117, 118.

### C. Federal Habeas Petition

The instant application was filed in this court on February 2, 2016.[4] Doc. 1. Here the petitioner raises the following claims:

1. The conviction was obtained through an invalid plea.
2. The petitioner received ineffective assistance of counsel.
3. The petitioner's sentence is constitutionally excessive.
4. The petitioner was denied his right to appeal and due process of law.
5. The petitioner can show that he is actually innocent of the offense given the discovery of new evidence.

Doc. 4, att. 2.

## II.
### LEGAL STANDARDS ON HABEAS REVIEW

### A. Timeliness

Federal law imposes a one-year limitation period within which persons who are in custody pursuant to the judgment of a state court may seek habeas review in federal court. 28 U.S.C. § 2244(d)(1). This period generally runs from the date that the conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The time during which a properly-filed application for post-conviction relief is pending in state court is not counted toward the one-year limit. 28 U.S.C. § 2244(d)(2); *Ott v.*

---

[4] The petitioner had earlier sought federal review through a petition to the United States District Court for the District of Idaho, filed on November 30, 2015. *Allen v. State of Louisiana*, No. 1:15-cv-560, doc. 1 (D. Idaho Mar. 9, 2016). Same was dismissed without prejudice for lack of subject matter jurisdiction on March 9, 2016. *Id.* at docs. 6, 7.

*Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before proper filing in state court *is* counted. *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998).

A state application is considered pending both while it is in state court for review and also during intervals between a state court's disposition and the petitioner's timely filing for review at the next level of state consideration. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001). The limitations period is not tolled, however, for the period between the completion of state review and the filing of the federal habeas application. *Mayle v. Felix*, 545 U.S. 644, 644 (2005). Accordingly, in order to determine whether a habeas petition is time-barred under the provisions of §2244(d) the court must ascertain: (1) the date upon which the judgment became final either by the conclusion of direct review or by the expiration of time for seeking further direct review, (2) the dates during which properly filed petitions for post-conviction or other collateral review were pending in the state courts, and (3) the date upon which the petitioner filed his federal habeas corpus petition.

### B. *Procedural Default and Exhaustion of State Court Remedies*

Before proceeding to the merits of the issues raised in the petition, this court considers the doctrines of procedural default and exhaustion of state court remedies. Exhaustion and procedural default are both affirmative defenses that may be waived by the state if not raised in its responsive pleadings. *See, e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). However, the federal district court may also consider both doctrines on its own motion. *Magouirk v. Phillips*, 144 F.3d 348, 357–59 (5th Cir. 1998). Therefore we consider any claims by respondent under these doctrines, in addition to conducting our own review.

### *1. Exhaustion of State Court Remedies*

The federal habeas corpus statute and decades of federal jurisprudence require a petitioner seeking federal habeas corpus relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1); *e.g.*, *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). This is a matter of comity. *Ex parte Royall*, 6 S.Ct. 734, 740–41 (1886). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts "in a procedurally proper manner according to the rules of the state courts." *Wilder v. Cockrell,* 274 F.3d 255, 259 (5th Cir. 2001); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). Each claim must be presented to the state's highest court, even when review by that court is discretionary. *E.g.*, *Wilson v. Foti*, 832 F.2d 891, 893–94 (5th Cir. 1987). Exhaustion is not satisfied if the petitioner presents new legal theories or entirely new factual claims in support of his federal habeas petition. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In Louisiana the highest court is the Louisiana Supreme Court. *See* LSA–Const. art. 5, § 5(a). Thus, in order for a Louisiana prisoner to have exhausted his state court remedies he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner, supported by the legal theories and factual allegations that he raises now. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997).

### *2. Procedural Default*

When a petitioner has defaulted a claim by violating a state procedural rule which constitutes adequate and independent grounds to bar direct review in the United States Supreme Court, he may not raise that claim in a federal habeas proceeding absent a showing of cause and prejudice or actual innocence. *Coleman v. Thompson*, 111 S.Ct. 2546, 2554 (1991). Failure to

satisfy state procedural requirements results in forfeiture of a petitioner's right to present a claim in a federal habeas proceeding. *Murray v. Carrier*, 106 S.Ct. 2639 (1986). This is not a jurisdictional matter; rather, it is grounded in concerns of comity and federalism. *Trest v. Cain*, 118 S.Ct. 478, 480 (1997).

Procedural default exists where (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default)[5] or (2) the petitioner fails to properly exhaust all available state court remedies and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Bledsue v. Johnson*, 188 F.3d 250, 254–5 (5th Cir. 1999). The grounds for traditional procedural default must be based on the actions of the last state court rendering a judgment. *Harris v. Reed*, 109 S.Ct. 1038, 1043 (1989).

## C. *General Principles*

When a state court adjudicates a petitioner's claim on the merits, this court reviews the ruling under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 456, 471 (5th Cir. 1998). Section 2254(d) provides that a writ of habeas corpus shall not be granted unless the state court's adjudication on the merits resulted in a decision that was either (1) contrary to clearly established federal law or involved an unreasonable application of that law, or (2) based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

---

[5] To serve as adequate grounds for a federally cognizable default the state rule "must have been firmly established and regularly followed by the time as of which it is to be applied." *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004) (internal quotations omitted).

The first standard, whether the state court's adjudication was contrary to or involved an unreasonable application of clearly established federal law, applies to questions of law as well as mixed questions of law and fact. A petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling federal standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (per curiam). Furthermore, the decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). A decision is contrary to clearly established federal law "if the state court applies a rule that contradicts the governing law set forth [by the Supreme Court], or if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedents and arrives at a [contrary] result . . . ." *Bell v. Cone*, 543 U.S. 447, 452-53 (2005), quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (internal quotations omitted).

The second standard – whether the state court's adjudication was based on an unreasonable determination of the facts in light of the evidence – applies to questions of fact. It is insufficient for a petitioner to show that the state court erred in its factual determination but rather he must demonstrate that the factual determination was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner has to show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

## III.
### LEGAL ANALYSIS

As a preliminary matter this court reviews the petitioner's application for timeliness, failure to exhaust state court remedies, and procedural default. If the claim is procedurally viable, its merits are considered under the general standards set forth in Section II.C.

*A. Timeliness*

Here the petitioner did not file a direct appeal, and so his conviction became final for purposes of timeliness calculations on March 30, 2012, thirty days after the rendition of the judgment on which an appeal would have been taken. *See* LA. C. CR. P. art. 914. Thus **73 days** accrued before the petitioner filed his application for post-conviction relief in the trial court on June 11, 2012.

Under § 2244(d), only "properly filed" applications for post-conviction relief or other state collateral review can toll the one year limitation. "An application is '**properly** filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 121 S.Ct. 361, 364 (2000) (emphasis in original). If the applicable procedural rule serves as an "absolute bar to filing, such that it provides no exceptions and the court need not examine issues related to substance to apply the rule, then the application is not properly filed." *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004) (internal quotations omitted); *see Emerson v. Johnson*, 243 F.3d 931, 933–34 (5th Cir. 2001) (noting that the rule at issue there "seemingly provides no exceptions and does not require an examination of the merits of the [petitioner's] claim").

Here, as the respondent notes, the Third Circuit rejected the petitioner's first writ application under Uniform Rules–Louisiana Courts of Appeal Rule 4-5, among other grounds. That rule sets the filing requirements for writ applications. It has frequently been held as grounds

for finding that an application was not properly filed under § 2244(d). *See, e.g.*, *Clarke v. Rader*, 2012 WL 589207, \*3–\*6 (M.D. La. Jan. 20, 2012), *aff'd*, 721 F.3d 339 (5th Cir. 2013); *Smith v. Rogers*, 2014 WL 2972284, \*3 (W.D. La. Sep. 28, 2015). In this case it also apparently operated as a bar to substantive review, as the Third Circuit only noted other procedural grounds in rejecting the petition. Accordingly, the application for post-conviction relief did not toll the limitations period after the first writ application was rejected by the Third Circuit.

The limitations period was thus untolled on April 19, 2013, when the Third Circuit ruled that the petitioner's writ application was deficient. *See, e.g.*, *Smith*, 2014 WL 2972284 at \*4 (extending tolling until petitioner was notified of deficiency). An additional **180 days** accrued before the petitioner submitted a second writ application on October 16, 2013. The Third Circuit then rejected the second application on February 14, 2014, as beyond its scope of review under Rule 1-3 of the Uniform Rules–Louisiana Courts of Appeal, again without conducting any substantive review. Doc. 19, att. 4, p. 110. That rule provides that the courts of appeal "will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, **unless the interest of justice clearly requires otherwise**." Uniform Rules–Louisiana Courts of Appeal, Rule 1-3 (emphasis added). Therefore Rule 1-3 does not serve as an absolute bar to filing and tolling resumed with the filing of the second writ application, until the Louisiana Supreme Court denied the petitioner's writ application on July 31, 2015. An additional **186 days** accrued before the instant application was filed in this court on February 2, 2016, rendering it untimely due to the fact that a total of **439 days** have now run against § 2244(d)'s one year limit.[6]

---

[6] When an original habeas action is dismissed, there is no pending petition to which a second petition can relate back or amend under the Federal Rules of Civil Procedure. BRIAN R. MEANS, FEDERAL HABEAS MANUAL § 9A:145 (2016). The petitioner does not assert any grounds for equitable tolling of that time period. Due to the fact that the petition was filed pro se and then rejected by the District of Idaho (see fn. 4) for the case's complete lack of relation to any

### B. *Equitable Tolling*

The petitioner appears to allege that he is entitled to equitable tolling for some portion of the limitations period as, he maintains, the delay between filing his first and second writ applications to the Third Circuit resulted from the district court's failure to timely supply him with the necessary record. Doc. 20, pp. 2–3, 6–7. He also notes that he is a pro se litigant with limited resources or familiarity with the law, alleging both that he submitted some of the required documents described as missing from his first writ application and that the courts are erroneously judging him with the "expectancy of competence demanded of attorneys." Doc. 4, att. 2, pp. 11–13.

To warrant equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). The petitioner's bare contention is insufficient to meet this standard.[7] It is well-established that a pro se petitioner's unrepresented status and ignorance of the law cannot excuse his noncompliance with procedural requirements. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Accordingly, the petitioner does not meet the "rare and exceptional circumstances" permitting equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

### C. *Actual Innocence*

The petitioner asserts that his untimeliness should be excused under the actual innocence exception.

---

criminal judgment in that state, we can find no conceivable basis for concluding that the petitioner's error would satisfy the showing required for equitable tolling, described *infra* under Section III.B. Accordingly, the petitioner receives no credit for the dates in which that petition was pending.

[7] The record includes a Motion for Production of Documents to the trial court, signed by the petitioner on May 27, 2013, and filed by the district court on July 17, 2013. Doc. 19, att. 2, pp. 91–92. However, there is no record of when this request was granted. Furthermore, the petitioner does not provide any excuse for his failure to obtain those documents before filing his first writ application.

The Supreme Court holds that "actual innocence, if proved, serves as a gateway through which a petitioner may pass [on federal habeas review] whether the impediment is a procedural bar . . . or . . . the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). Actual innocence refers to "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 118 S.Ct. 1604, 1611 (1998). As such, "tenable actual innocence gateways are rare" and a petitioner must meet the standard set out in *Schlup v. Delo*, 115 S.Ct. 851 (1995). *McQuiggin*, 133 S.Ct. at 1928. Claims of actual innocence require the petitioner "to support his allegations of constitutional error with **new reliable** evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 115 S.Ct. at 865 (emphasis added).

The Fifth Circuit holds that (1) the petitioner "bears the burden of establishing that it is more likely than not" that the *Schlup* standard has been met, (2) there is no presumption of innocence in a habeas proceeding, and that the petitioner actually comes before the court on habeas review "with a strong—and in the vast majority of cases conclusive—presumption of guilt;" and that (3) *Schlup* "does not merely require a showing that reasonable doubt exists" but instead that in light of **newly presented** evidence, no reasonable juror would have found the defendant guilty. *Bosley v. Cain*, 409 F.3d 657, 664 (5th Cir. 2005) (emphasis added). In assessing the petitioner's showing, the court is not bound by admissibility rules that would govern at trial but it is permitted to consider the unreliability of the petitioner's proffered evidence. *Moore v. Quarterman*, 534 F.3d 454, 465 n. 18 (5th Cir. 2008) (citing *Schlup*, 115 S.Ct. at 867).

As proof of his innocence, the petitioner asserts that he has "consistently claimed his innocence" because his *Alford* plea involved no admission of guilt. Doc. 20, p. 4. He contends that

he wished to withdraw his *Alford* plea due to receipt of an affidavit which he purports would have established his innocence but was barred from doing so in violation of his right to due process and effective assistance of counsel. He also alleges that his niece and nephew, Britney and Frederick Burt, informed him, through telephone calls to the LaSalle Correctional Center in August 2015 that Frederick's mother (Molly Allen), one of the accusers, had lied to the police and that Britney and Frederick believed the petitioner to be innocent. Doc. 4, att. 2, pp. 19–20.

The affidavit on which the petitioner relies is the same one referenced in his letter to the trial court dated November 17, 2011, well before the petitioner's sentencing on February 29, 2012. *See* doc. 4, att. 2, pp. 5–15; doc. 4, att. 4, p. 2. Accordingly, even if the affidavit were produced and found to be reliable, it could not satisfy the *Schlup* standard as it is not new or newly discovered. Meanwhile, the contentions from the petitioner's niece and nephew do not meet *Schlup*'s reliability bar. The petitioner's representations of their statements do not provide any foundation for their knowledge, beyond the unsworn declaration, relayed through the petitioner, that Frederick heard his mother state that she "wrote fictitious statements against [the petitioner]" with the alleged and unexplained motive of "family financial gain." Doc. 4, att. 2, p. 20. Additionally, as the respondent notes, the incident report in the state record does not show that Frederick and Britney were on the scene when the offense was committed.[8] Doc. 19, att. 2, pp. 55–57. The petitioner thus fails to excuse his untimeliness with a showing of actual innocence and the instant petition should be dismissed as time-barred.

---

[8] The incident report does state that four children – identified as Molly Allen's nieces and nephews – were in the residence at the time of the incident, but none of the names listed correspond to either Frederick or Britney Burt. *See* doc. 19, att. 2, p. 56.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant application be **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 13 December 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE